**James Earl BROOM, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–85–358.

Court of Criminal Appeals of Oklahoma.

July 12, 1988.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Presiding Judge:

The appellant, James Earl Broom Jr., was tried by jury in Tulsa County District Court, Case No. CRF–83–4076 and found guilty of Robbery by Force in violation of 21 O.S.1981, § 791. The trial court sentenced appellant to twenty-five (25) years'

imprisonment in accordance with the jury's verdict. Appellant was also charged with Assault and Battery with Intent to Kill to which he pled guilty and was sentenced to twenty (20) years' imprisonment. From these judgments and sentences appellant has perfected his appeal to this Court.

On June 8, 1983, appellant and three companions entered a curio store where they talked with the manager for about twenty minutes. Appellant then forced the manager into the bathroom, struck her on the face with his hand and knocked her to the floor. The victim did not rise from the floor nor resist appellant, but watched the intruders begin to rob the store.

Appellant left the victim for about two (2) minutes and then returned to the bathroom with a large flashlight. He began beating her about the face with the instrument, whereupon she feigned unconsciousness. Appellant struck her three (3) more blows and left her there. After the four men left the store, the victim phoned the police. Appellant was later arrested, and he then confessed to the crime.

Appellant claims in his sole assignment of error that his conviction was violative of the prohibitions against double jeopardy found in the Fifth Amendment of the United States Constitution and Article II, § 21 of the Oklahoma Constitution. Specifically, he argues that because the two offenses of which he was convicted were "parts of a single criminal episode," subjecting him to punishment for both constituted double jeopardy. We disagree.

There are two tests which this Court utilizes to determine whether an accused has received multiple punishments for the same offenses in violation of the constitutional prohibitions against double jeopardy. The "same evidence" test asks "whether each of the offenses charged requires proof of an additional fact that is not necessary to the other." *Johnson v. State*, 611 P.2d 1137, 1140 (Okl.Cr.1980), *cert. denied*, 449 U.S. 1132, 101 S.Ct. 955, 67 L.Ed.2d 120 (1981), *rehearing denied*, 450 U.S. 1026, 101 S.Ct. 1734, 68 L.Ed.2d 221 (1981). Ac-

cording to this analysis, "an act can violate more than one statute if each statute requires proof of an additional fact that the other does not...." *Hunnicutt v. State*, 755 P.2d 105 (Okl.Cr.1988). Under the "same transaction" test, the Double Jeopardy Clause bars multiple punishments if "the offenses charged were part of the same criminal act, occurrence, episode or transaction." *Johnson*, 611 P.2d at 1141.

In deciding which of these two tests to apply, we must examine the particular fact pattern at issue and determine which test "serves the underlying purposes of the double jeopardy prohibition against multiple punishments for the same offense." *Hunnicutt*, 755 P.2d at 110. Appellant urges this Court to apply the "same transaction" test to the facts of his case and vacate one of his punishments. However, after reviewing the record, we conclude that under the analysis of either test, there is no double jeopardy violation.

In the case at bar, the crime of assault and battery with intent to kill was committed during the robbery by force. Because of the two minute lapse between the time appellant struck the victim in the face with his fist, and the time he assaulted her with the flashlight, however, these offenses were not part of the same criminal episode for purposes of the "same transaction" test. *See Clay v. State*, 593 P.2d 509, 510 (Okl.Cr.1979). "[T]he fact that the crimes were committed in rapid succession does not negate the fact that separate crimes were committed, *so long as separation does exist.*" *Weatherly v. State*, 733 P.2d 1331, 1338 (Okl.Cr.1987) (citations omitted) (emphasis added).

Appellant's claim of double jeopardy also fails under the "same evidence" analysis. Because the intent to kill is an element of assault with intent to kill but not of robbery by force, and taking property from the victim is an element of robbery by force but not of assault with intent to kill, each of these offenses "requires proof of an additional fact not necessary to the other." *Johnson*, 611 P.2d at 1140. Addition-

ally, the assault in the instant case was not the show of force used to perpetrate the robbery. *But see id.* at 1143, *citing People v. Ridley,* 63 Cal.2d 671, 47 Cal.Rptr. 796, 408 P.2d 124 (1965). The facts indicate that the force with which appellant subdued the victim was accomplished by his initial blow to her face and not by his subsequent assault with the flashlight. Thus, appellant's convictions for both assault and battery with intent to kill and robbery by force did not constitute double jeopardy, and his first and only assignment of error is without merit.

Finding no error, judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.