**Alexander TIGER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F 89–0916.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1993.

**ORDER DENYING REQUEST TO RECONSIDER DENIAL OF MOTION TO CHECK OUT TRANSCRIPTS**

On May 11, 1993, this Court denied Appellant's motion to check out the original record and transcripts in Appeal No. F–89–916 for copying. Counsel for Appellant stated Appellant requested a copy of the transcripts but the Oklahoma Indigent Defense System had received only one copy which was requested by, and given to, a codefendant in this case. On May 14, 1993, counsel for Appellant filed a request for this Court to reconsider her motion to check out the materials for copying. A Summary Opinion was issued in Appellant's appeal June 10, 1993.

Appellant argues that to interpret 20 O.S.1991, § 106.4a, in any manner which does not give full credit to the words "and the accused as an indigent is constitutionally entitled to a free copy of the transcript" would violate the rights of the accused to due process of law and equal protection.

We agree that 20 O.S.1991, § 106.4a, provides a defendant access to transcripts of proceedings involving his/her case. And, Appellant was provided access to the transcripts for the purpose of perfecting his appeal. Transcripts are not the property of a defendant, but are property of the State—to which a defendant has access. Appellant's appeal has been decided and an opinion issued. The record reflects no pending matter which would require Appellant's access to the requested transcripts. Appellant has made no showing of need or a purpose for access to the transcripts. The Oklahoma Indigent Defense System's policy of giving transcripts to defendants is contrary to the intent of the statute.

Section 106.4a further states a defendant shall have access to copies of the transcript "on such terms as the trial court may impose". We would recommend the District Courts expand upon Rule 26, 12 O.S.Supp. 1992, Ch. 2, App., *Rules for District Courts*, to make provisions regarding accessibility of transcripts in criminal cases. *See* 22 O.S., Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 3.2(E) as

revised effective July 16, 1993: "Trial court's duty to preserve records. When during the course of trial proceedings a transcript is prepared at State expense, it shall be the duty of the trial court to enter an appropriate order defining access to those transcripts during the trial proceedings; and after completion of the trial proceedings to order the timely return of all such transcripts to the trial court clerk so they may be filed on appeal. 64 OBJ 2350, 2353 (July 24, 1993). *See* 20 O.S.1991, § 106.4a."

Accordingly, Appellant's request for this Court to reconsider the denial of the motion to check out the transcripts is DENIED.

IT IS SO ORDERED.

/s/GARY L. LUMPKIN
GARY L. LUMPKIN, Presiding Judge
/s/CHARLES A. JOHNSON
CHARLES A. JOHNSON, Vice Presiding Judge
/s/JAMES F. LANE
JAMES F. LANE, Judge
/s/CHARLES S. CHAPEL
CHARLES S. CHAPEL, Judge
/s/RETA M. STRUBHAR
RETA M. STRUBHAR, Judge