UNITED STATES COURT OF APPEALS

**Filed 6/10/96**

FOR THE TENTH CIRCUIT

JOHNNIE E. ROMO,

      Petitioner-Appellant,

v.

JACK COWLEY,

      Defendant,

   and

ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA, EDWARD L.
EVANS,

      Respondents-Appellees.

No. 95-6360
(D.C. No. CIV-91-878-D)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Johnnie Romo originally filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that the delay in his state court direct appeal[1] violated his constitutional rights. Subsequently, the Oklahoma Court of Criminal Appeals affirmed petitioner's conviction. Thus, petitioner could prevail on his habeas claim only if he could show that the delay itself actually prejudiced the outcome of his appeal. Harris v. Champion, 15 F.3d 1538 (10th Cir. 1994). The district court held that petitioner failed to show any prejudice resulting from the delay.

Petitioner was charged in Oklahoma state court with one count of robbery with firearms, after former conviction of two or more felonies. He was also charged with two counts of assault with intent to kill, based on the state's theory that petitioner, with the aid of several cohorts, had injected two robbery victims with potentially lethal doses of insulin. The trial court quashed the assault charges because at the preliminary hearing the state failed to establish probable cause that petitioner was the person who made the injections.

---

[1] Petitioner was sentenced on June 7, 1989, and filed the habeas petition alleging delay June 14, 1991. Petitioner's direct appeal brief was filed on November 23, 1992.

2

At petitioner's trial on the robbery charge, the state introduced evidence of the insulin injections on the theory that the injections were part of the res gestae of the robbery and to show motive, intent and identity of the defendant.. On appeal, petitioner asserted that the use of evidence of the injections created a double jeopardy problem. The state responded by erroneously arguing in its appellate brief that the two assault charges were still pending and that any double jeopardy claim was premature. The Oklahoma Court of Criminal Appeals summarily affirmed the conviction.

Petitioner claims that the delay in his appeal violated his constitutional rights. See Harris v. Champion, 15 F.3d at 1559 (habeas petitioner can state a claim for relief if the adjudication of his direct criminal appeal has been unduly delayed). If the petitioner's direct criminal appeal has already been decided, and his conviction has been affirmed, he is entitled to habeas relief only if he can show "actual prejudice to the appeal, itself, arising from the delay." Id. at 1566 (citing Muwwakkil v. Hoke, 968 F.2d 284, 285 (2nd Cir.) (petitioner must show "a reasonable probability that, but for the appellate delay, the result of the appeal would have been different"), cert. denied, 506 U.S. 1024 (1992)).

Petitioner's claim of actual prejudice begins with his allegation that the trial court's order quashing the assault charges was missing from the record on appeal, and that the appellate delay caused the order to be missing. He then argues the missing order deprived him of effective assistance of appellate counsel because if the record had been complete, his attorney could have effectively argued on appeal that double jeopardy, the doctrine of

3

collateral estoppel, and various state statutes prevented the use of the insulin injection evidence at his robbery trial. Assuming that the order was in fact missing from the record and that the order was missing because of delay in the adjudication of petitioner's direct criminal appeal, we nevertheless hold that petitioner suffered no actual prejudice.

Even if jeopardy attached when the assault charges were quashed, petitioner's double jeopardy claim fails because the use of the insulin injection evidence at his robbery trial was not a second prosecution of the assault charges. See United States v. Felix, 503 U.S. 378, 385 (1992) (generally, double jeopardy principles do not apply unless a defendant has been subject to multiple prosecutions for the same offense). In considering the double jeopardy implications of prior acts evidence under Fed. R. Civ. P. 404(b), the Supreme Court has recognized the "basic, yet important, principle that the introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct." Felix, 503 U.S. at 387 (construing Dowling v. United States, 493 U.S. 342 (1990)). The "mere overlap in proof between two prosecutions does not establish a double jeopardy violation." Id. at 386. In this case, the insulin injection evidence was introduced in the robbery trial as res gestae of the robbery itself. See Reyes v. Oklahoma, 751 P.2d 1081, 1083 (Okla. Crim. App. 1988) (under Oklahoma law, "evidence of offenses different from the one charged is admissible when both offenses are so closely linked as to constitute part of the 'res gestae' of the crime charged"). No double jeopardy violation occurred because the "mere overlap

in proof" between the assault and the robbery charges did not amount to multiple prosecution for the same offense.

Petitioner also argues that the collateral estoppel component of the Double Jeopardy Clause barred the use of the insulin injection evidence at his robbery trial. See Dowling, 493 U.S. at 347 (recognizing that the Double Jeopardy Clause incorporates the doctrine of collateral estoppel) (citing Ashe v. Swenson, 397 U.S. 436 (1970)).[2] In Dowling, the Supreme Court held that collateral estoppel did not bar the use of prior act evidence pursuant to Fed. R. Civ. P. 404(b) even when the defendant had been acquitted of that prior act in a previous criminal trial. Id. at 672. In the instant case the insulin injection evidence was introduced at the robbery trial as res gestae of the robbery itself. Dowling expressly approves the use of evidence in this manner. Thus, even were we to assume that the quashing of the assault charges amounted to an acquittal, as petitioner argues, the state was not barred from introducing the insulin injection evidence at the robbery trial.

Petitioner also argues that Okla. Stat. Ann. tit. 22, § 508 bars the state from refiling the assault charges and that as a result the insulin injection evidence, which formed the basis

---

[2]    Petitioner has also invoked the Oklahoma constitution in making his double jeopardy and collateral estoppel claims. We simply note that we believe petitioner's claims are controlled by Broom v. Oklahoma, 757 P.2d 1341 (Okla. Crim. App. 1988) (holding that no double jeopardy violation occurred when defendant was convicted of both robbery by force and assault and battery with intent to kill). But see Smith v. Oklahoma, 486 P.2d 770 (Okla. Crim. App. 1971) (holding that double jeopardy violation occurred when defendant was convicted of both robbery with a dangerous weapon and assault and battery with a deadly weapon with intent to kill).

of the assault charges, could not be used against him in his robbery trial.[3]  Section 508 generally prevents the state from prosecuting a defendant for an offense where a court has previously sustained a demurrer to an indictment for the same offense.  Even assuming that § 508 would bar the state from refiling the assault charges against petitioner, his claim fails for the same reasons stated above.[4]

Finally, petitioner alleges prejudice from the delay in adjudication of his direct appeal because one victim-witness has died since trial, and another may be in poor health.  At best, petitioner has pointed out how he would be prejudiced if he were granted a new trial.  The availability of these witnesses would have had no effect on the outcome of his appeal.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge

---

[3]    Although petitioner has cited several Oklahoma statutes, § 508 is the most  relevant. Accordingly, we limit our analysis to this provision.

[4]    We note that it is not clear whether § 508 applies to petitioner's case.  The section applies only to demurrers, but petitioner's motion to quash the assault charges was not a demurrer as defined in Okla. Stat. Ann. tit. 22, § 504.  Additionally, the Oklahoma Court of Criminal Appeals has held that § 508 does not apply to indictments that are quashed at the preliminary hearing stage of criminal proceedings. Nicodemus v. District Court of Oklahoma County, 473 P.2d 312 (Okla. Crim. App. 1970).