F I L E D
United States Court of Appeals
Tenth Circuit

AUG 13 1997

PATRICK FISHER
Clerk

PUBLISH

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

TERRY LYNN REEVES,

      Petitioner,

v.

RAY LITTLE,

      Respondent.

No. 97-741
DC No. 97-CV-0269-A

### ORDER

Filed August 13, 1997

Before **ANDERSON**, **BRORBY** and **EBEL**, Circuit Judges

**PER CURIAM**.

This matter is before the court on the transfer by the district court of Terry Lynn Reeves' 28 U.S.C. § 2254 petition, the subsequent motion for permission to file a successive § 2254 petition in the district court, and the state's response. The issue presented is whether the petition Mr. Reeves seeks to file in the district court should be treated as a second or successive petition under the Antiterrorism and Effective Death Penalty Act (AEDPA). We determine that the petition is not a second or

successive petition and remand the matter to the district court.

After Mr. Reeves filed his § 2254 petition in the district court, the court, concluding that the petition was a second or successive petition, transferred the matter to this court pursuant to *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). Mr. Reeves was then given 30 days to file a proper motion seeking authorization to file the petition. *Id.* The petition was timely filed in this court.

Mr. Reeves was convicted in Oklahoma state court in September 1989 of possession of cocaine after former conviction of a felony and sentenced to 30 years incarceration.

In his previous habeas proceeding, Mr. Reeves became one of the large number of petitioners in *Harris v. Champion*, 15 F.3d 1538 (10th Cir. 1994)(*Harris II*), a case in which this court addressed the problem of appellate delay in the Oklahoma criminal justice system. Mr. Reeves became a petitioner while his direct criminal appeal was pending. In the earlier *Harris* opinion, *Harris v. Champion*, 938 F.2d 1062 (10th Cir. 1991)(*Harris I*), this court had ruled that the federal district court should have excused an Oklahoma prisoner's failure to exhaust his state remedies before seeking federal habeas relief in light of extensive delay by the state public defender in filing an opening brief in the prisoner's direct criminal appeal. The court remanded with directions to the district court to investigate the possibility of systematic delay in the filing of briefs by the Oklahoma Appellate Public Defender

System. The scope of the inquiry was expanded in *Hill v. Reynolds*, 942 F.2d 1494 (10th Cir. 1991), to include consideration of the entire criminal appellate process in Oklahoma insofar as it contributes to delay in deciding direct criminal appeals of indigent defendants.

On appeal following the remand, *Harris II* held that appellate delay in processing direct criminal appeals may result in excusing the exhaustion requirement. The court discussed the ramifications if exhaustion were excused.

> Once exhaustion is excused, a federal court has the power to review the merits of a petitioner's habeas petition to the extent that it raises federal issues. In many (indeed, most) instances, however, proceeding directly to the merits of a petitioner's claims after excusing exhaustion may not be the preferred course of action, or even an effective one.
>
> If exhaustion is excused due to delay in adjudicating a petitioner's direct criminal appeal, the federal habeas review will, in some regards, serve as a surrogate for a direct state appeal. This raises several concerns. First, because the petitioner would be entitled to appointed counsel on direct appeal, it may be appropriate to appoint counsel to represent the petitioner on habeas review. Likewise, the federal court may need to ensure that an indigent petitioner has a free copy of the trial transcript if it is necessary to evaluate his or her habeas petition.
>
> Furthermore, to the extent the petitioner's underlying claims of error are state claims, the federal court cannot review them even if exhaustion is excused, because federal habeas review is limited to alleged "violation[s] of the Constitution or laws or treaties of the United States."

Finally, federal courts should not be required as a routine matter to fulfill the State's obligation to provide an "adequate and effective" direct criminal appeal to its indigent criminal defendants. Requiring the federal courts to do so on a regular basis just because the State does not fulfill its own constitutional obligations would unnecessarily tax federal resources and inject the federal courts into the State's process.

15 F.3d at 1557 (citations omitted).

The court also determined that delay in adjudicating a state prisoner's direct criminal appeal may give rise to an independent due process claim. *Id*. The court further held that the most appropriate form of habeas relief would be to grant a conditional writ directing the state to release the petitioner if it did not decide his appeal within a specified period. *Id*. at 1566-67.

The court remanded for an individualized factual inquiry as to each named petitioner for application of the enumerated factors to determine whether a due process violation had occurred. *Id*. at 1547.

On Mr. Reeves' individual review, done after his conviction was affirmed on direct appeal, the magistrate judge recommended that the habeas petition be dismissed because Mr. Reeves did not suffer any prejudice from the delay in the determination of his direct criminal appeal. The magistrate also recommended that the dismissal be "without prejudice to petitioner's filing a separate pro se action to pursue any other constitutional claims." It appears that the district court judge adopted the recommendation.

-4-

While AEDPA instituted a "gatekeeping" procedure for second or successive habeas petitions, it does not define what is meant by "second or successive." In determining what is a "second or successive" motion under the statute, the circuits which have reviewed this question use the "abuse of the writ" standard in effect before AEDPA was enacted. *See In re Gasery,* ___ F.3d ___ (5th Cir. Jun. 20, 1997), 1997 WL 348520 (a habeas petition refiled after dismissal without prejudice for failure to exhaust state remedies is neither second nor successive); *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997)(stating that a § 2254 petition filed after a previously submitted petition was dismissed for failure to exhaust state remedies is not a second or successive petition under AEDPA); *Benton v. Washington*, 106 F.3d 162, 164-165 (7th Cir. 1996)(although a decision on the merits is not necessary to conclude that a prior § 2254 petition is a first petition under AEDPA, where the first § 2254 petition was dismissed for failure to pay the fee, the next petition is not a second or successive one); *In re Turner*, 101 F.3d 1323, 1323 (9th Cir. 1996)("section 2244 does not apply to second or subsequent habeas petitions where the first petition was dismissed without prejudice for failure to exhaust state remedies"); *Dickinson v. State of Maine*, 101 F.3d 791 (1st Cir. 1996)(where first petition was dismissed for failure to exhaust state remedies, present petition is not second or successive within the meaning of § 2244(b)); *Camarano v. Irvin*, 98 F.3d 44, 46-47 (2d Cir. 1996)(a habeas petition filed after a prior petition is dismissed

without prejudice for failure to exhaust state remedies is not a second or successive petition under AEDPA; neither the need for finality nor the concerns of comity is implicated). *Cf. Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997)(where prior petition was voluntarily withdrawn because the petitioner's counsel felt that the petitioner would be unable to sustain his burden of proof at an evidentiary hearing, prior petition was a first petition under AEDPA; "a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits").

Abuse of the writ required dismissal of a petition which "(1) 'successively' repeats claims previously decided on the merits, or (2) 'abusively' asserts new ground unjustifiably omitted from a prior petition." *Watkins v. Champion*, 39 F.3d 273, 275 (10th Cir. 1994).

The abuse of the writ doctrine is rooted in the need for finality and concerns of comity, *McCleskey v. Zant,* 499 U.S. 467, 491-92 (1991). In *Felker v. Turpin*, 116 S.Ct. 2333 (1996), the Supreme Court upheld the constitutionality of the "gatekeeping" function of the courts of appeals, concluding that this function is within the mainstream of the evolving jurisprudence to curb abuse of the writ.

> The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice "abuse of the writ." In *McCleskey v. Zant*, we said that "the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." The added restrictions which the [AEDPA] places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a 'suspension' of the writ contrary to Article I, § 9 [of the Constitution].

*Id.* at 2340 (citations omitted).

The unique situation presented in the *Harris* cases prevented Mr. Reeves from presenting claims other than the issue of whether the delay in his appellate review violated his due process rights. Once the district court determined that his direct criminal appeal had been adjudicated and his conviction affirmed there were no remaining issues. At this point there was no reason to excuse exhaustion and to address merits of other claims Mr. Reeves may have had at that time. *See Taylor v. Hargett*, 27 F.3d 483, 487 (10th Cir. 1994)(although the district court could have excused exhaustion because of the delay in processing the petitioner's direct criminal appeal, the court's decision to grant relief by sending the petitioner back to state court with newly appointed counsel was the better solution).

The situation therefore is analogous to that where prior petitions were dismissed for failure to exhaust. And as in those cases, if the instant petition is considered a second or successive one under AEDPA any other claims which existed

at the time of the first petition would be foreclosed from federal review. This "would conflict with the doctrine of writ abuse, as understood both before and after *Felker*." *Camarano*, 98 F.3d at 46. To construe these subsequent petitions as second or successive, "far from falling 'well within the compass' of the evolving doctrine of abuse of the writ, as stated in *Felker*, would unjustifiably deviate from that evolution." *Id.* (quoting *Felker*, 116 S.Ct. at 2340).

Accordingly, the district court order is **VACATED** and the matter is **REMANDED** to the district court for such other and further proceedings as may be just and proper.