F I L E D
United States Court of Appeals
Tenth Circuit

MAR 1 1999

PATRICK FISHER
Clerk

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

WILLIAM TYLER,

      Plaintiff-Appellant,

v.

JIM OWEN,

      Defendant-Appellee.

No. 98-5101
(D.C. No. 96-CV-817)
(N.D. Okla.)

# ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this 28 U.S.C. § 2254 action, William Tyler claims that the state is violating his constitutional rights by denying him access to his trial transcript, which he requested in order to prepare a collateral challenge to his conviction. He also asks us to hold unconstitutional the Oklahoma Court of Criminal Appeals' decision in *Tiger v. State*, 859 P.2d 1117 (Okla. Crim. App. 1993). The district court denied Mr. Tyler's petition because he did not articulate a non-frivolous ground for collateral review. We deny his motion for a certificate of appealability and dismiss the appeal.

On April 29, 1993, Mr. Tyler was convicted of first degree murder and given a sentence of life without parole, which was later modified on appeal to life with the possibility of parole. In March 1996, he filed an action in Craig County District Court requesting a free copy of his transcript. That court denied his request, and he appealed. The Oklahoma Court of Criminal Appeals affirmed the district court's action, noting that Mr. Tyler had not filed an application for post-conviction relief showing a need for his transcript. He then filed this habeas action.

In *United States v. MacCollom*, 426 U.S. 317 (1976), the Supreme Court upheld the constitutionality of 28 U.S.C. § 753(f), which permitted free transcripts to be furnished to only those federal habeas petitioners who demonstrated their appeal was not frivolous and required a transcript for its

disposition. *Id.* at 326.[1]  In *Ruark v. Gunter*, 958 F.2d 318 (10th Cir. 1992), we

extended the reasoning of *MacCollum* to state habeas petitioners as well, holding

"an indigent § 2254 petitioner does not have a constitutional right to access a free

transcript in order to search for error." *Id.* at 319.  *Tiger* is consistent with

*MacCollum* and *Ruark*.  The court in *Tiger* denied access to a petitioner who

"ha[d] made no showing of need or a purpose" for her transcripts.  859 P.2d at

1117.   Mr. Tyler does not allege nor do we have any indication that Oklahoma

requires habeas petitioners to meet a standard higher than that in *MacCollum.*

The other cases cited by Mr. Tyler do not mandate a contrary result.

Several discuss rights of indigent criminal defendants, but do not directly address

whether the state must provide a trial transcript to a petitioner who has not shown

a non-frivolous basis for appeal.  *See Roberts v. LaVallee*, 398 U.S. 40, 41-42

(1967) (striking down a New York statute which required payment for preliminary

hearing transcript); *Smith v. Bennett*, 365 U.S. 708, 709 (holding unconstitutional

a filing fee requirement that prevented indigent petitioners from filing habeas

corpus actions).  Another case invalidated fee provisions that denied transcripts to

indigent petitioners regardless of the merits of their appeals. *See Long v. District

Court of Iowa*, 385 U.S. 192, 194 & n.1 (1966).  *Wade v. Wilson*, 396 U.S. 282

---

[1]  That standard applies only to federal habeas petitioners; an indigent
defendant has a right to a transcript of his trial (or comparable substitute) on
direct appeal, *see Griffin v. Illinois*, 351 U.S. 12, 19-20 (1956).

(1970), expressly reserved the question of "whether there are circumstances in which the Constitution requires that a State furnish an indigent state prisoner free of cost a trial transcript to aid him to prepare a petition for collateral relief." *Id.* at 286. The Tenth Circuit cases Mr. Tyler cites, *Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997), and *Harris v. Champion*, 15 F.3d 1538, 1557 (10th Cir. 1994), both simply state that in certain circumstances an indigent will have a right to a free transcript on collateral review, not that the right is absolute. Indeed, *MacCollum* and *Ruark* make clear that the right can be conditioned on a petitioner showing he needs the transcript to pursue a non-frivolous appeal.

Because Mr. Tyler has not "made a substantial showing of the denial of a constitutional right" as required for the issuance of a certificate of appealability, 28 U.S.C. § 2253(c)(2), we **DENY** his motion for a certificate and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge