**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

————————————————

JOHNNIE E. ROMO, SR.,

      Petitioner - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; PAUL MERTZ; and
MANSFIELD LAW ENFORCEMENT
CENTER,

      Respondents - Appellees.

No. 99-6045

————————————————

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 98-CV-794-L)**

————————————————

Gloyd L. McCoy of Coyle & McCoy, Oklahoma City, Oklahoma, for Petitioner-Appellant.

(Johnnie E. Romo, Sr., pro se.)

Alecia A. George, Assistant Attorney General (W. A. Drew Edmondson, Attorney General of Oklahoma, with her on the brief), for Respondents-Appellees.

————————————————

Before **SEYMOUR**, Chief Judge, **McKAY** and **EBEL**, Circuit Judges.

————————————————

**McKAY,** Circuit Judge.

————————————————

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma on June 8, 1998. The district court dismissed the petition as time-barred. On August 3, 1999, we granted Petitioner a certificate of appealability with respect to the timeliness issue.

Petitioner was convicted in an Oklahoma trial court of robbery with firearms after former conviction of two or more felonies. The Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal on September 22, 1993. He did not seek certiorari review by the Supreme Court within ninety days, and his conviction became final for purposes of habeas review on or about December 22, 1993. See 28 U.S.C. § 2244(d)(1)(A). Because the time period for Petitioner to file a habeas corpus petition expired well before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], Petitioner had one year from April 24, 1996, in which to file. See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998) (noting deadline of April 24, 1997). Under Hoggro, the one-year limitations period is tolled by any state post-conviction applications properly filed during that year. See id.; 28 U.S.C. § 2244(d)(2). Although Petitioner's post-conviction relief application filed in Oklahoma district court tolled the limitation period from February 11, 1997, to June 13, 1997, his petition was still due by August 23, 1997. However, Petitioner did not file the

§ 2254 petition until June 8, 1998.

On appeal, Petitioner makes two arguments that his petition is nevertheless timely. First, he claims that this petition is a continuation of prior litigation filed by a large number of petitioners before the enactment of AEDPA. That litigation, which included Petitioner's claim that delay in his state direct appeal violated his constitutional rights, is known as the Harris litigation. See Harris v. Champion, 15 F.3d 1538 (10th Cir. 1994) (Harris II); Harris v. Champion, 938 F.2d 1062 (10th Cir. 1991) (Harris I). Citing McWilliams v. Colorado, 121 F.3d 573 (10th Cir. 1997), Petitioner argues that the present case is a "continuation" of his earlier petition. Id. at 575. McWilliams is inapposite. The petitioner in McWilliams filed a first petition that was dismissed for failure to exhaust state remedies. After further state law action, the petitioner refiled the same petition making substantially similar claims. Holding that it was a second or successive habeas corpus application barred under AEDPA, the district court dismissed the refiled petition. We reversed, stating that it was not a second or successive application within the meaning of 28 U.S.C. § 2244(b)(1). Rather, it was "simply a continuation of the earlier petition." Id. Here, Petitioner raises claims substantially different from those raised in his prior petition. Furthermore, while the original petition in McWilliams was dismissed without prejudice for failure to exhaust state remedies, Petitioner's original petition was decided on the merits in

Romo v. Cowley, 89 F.3d 851, 1996 WL 308709 (10th Cir. 1996) (Table). It was not dismissed for failure to exhaust state remedies. Petitioner's current habeas action therefore cannot be deemed a "continuation" of his prior litigation under McWilliams.[1]

Even if this petition were a continuation of prior litigation under the precedent set forth in McWilliams, that would not end the timeliness inquiry. The issue of timeliness was not before the McWilliams court. Asserting that this habeas corpus action is a continuation of his former petition, Petitioner apparently argues that its filing should relate back to the time when his former petition was filed. Because we hold that this petition is not a continuation of prior litigation within the meaning of McWilliams, we do not address that argument.

Petitioner's second challenge is based on a claim that the time during which the Harris claim was pending should have tolled the one-year limitations period under 28 U.S.C. § 2244(d)(1)(B). This section of AEDPA provides a one-year period of limitation for habeas corpus applications running, for purposes relevant

---

[1]Our decision in Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997), also persuades us that Petitioner's current petition is not a continuation of his prior litigation in Harris. In Reeves, we held that where a first § 2254 petition was filed as part of the Harris II litigation, which only addressed whether the delay in state appellate review violated due process rights, a subsequent petition is unrelated and is not a second or successive petition for purposes of AEDPA. Because the Harris II litigation was unrelated to the claims of trial error asserted in the latter petition, the latter petition is not a continuation of the former.

here, from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Id.

Because the issues in Harris went only to appellate delay and not to the issues raised here, the pendency of the Harris litigation did not prevent Petitioner from exhausting state remedies until the Harris litigation was complete. His conviction was affirmed on appeal in 1993 during pendency of the Harris litigation, and the continuing litigation did not prevent his seeking state collateral review of the issues raised in this petition. We therefore hold that the time spent pursuing the Harris litigation did not toll the time for bringing this petition.

Because Petitioner's timeliness claim is dependent upon his Harris tolling claim, his petition is untimely. We therefore affirm the district court's dismissal of his habeas corpus petition.[2]

AFFIRMED.

---

[2]During the pendency of this appeal, Petitioner filed a "Motion to Stay Proceedings" in this case. Before we could act on this motion, Petitioner filed "An Application to Withdraw Motion to Stay Proceedings." Petitioner's application to withdraw is granted, and we do not address the particulars of the motion to stay the proceedings.