**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAUREN JACKSON HANKINS,

     Petitioner - Appellant,

v.

BOBBY BOONE, Warden,

     Respondent - Appellee.

No. 00-5039
(D.C. No. 99-CV-414)
(Northern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Petitioner-appellant Lauren Jackson Hankins, appearing pro se, seeks a

certificate of appealability to appeal the district court's denial of his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court did not

address Hankins's substantive claims but instead dismissed the petition as

untimely pursuant to 28 U.S.C. § 2244(d). Because Hankins fails to make a

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

substantial showing of the denial of a constitutional right, we decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c).

Hankins was convicted of second-degree murder and felonious possession of a firearm and sentenced to two consecutive life sentences. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence in a summary opinion dated March 7, 1994. While represented by counsel, Hankins filed an application for post-conviction relief in state district court on March 21, 1997. The state district court denied relief, and on December 29, 1998, the OCCA affirmed. Hankins filed the instant petition in the United States District Court for the Northern District of Oklahoma on May 27, 1999. The district court dismissed the petition with prejudice because it was not filed within the statute of limitations.

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." In general, the limitations period begins to run from the date on which direct review of the state judgment becomes final. See 28 U.S.C. § 2244(d)(1)(A). However, in the case of prisoners whose convictions became final prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we recognize a one-year grace period in which a prisoner may file a habeas petition, beginning on

April 24, 1996, and ending on April 23, 1997. See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). Section 2244(d)(2), which tolls the limitations period for the time during which a properly filed application for state post-conviction or collateral review is pending, applies to this one-year grace period. See id. at 1226.

Hankins's conviction became final for purposes of § 2244(d) on or about June 7, 1994, after the ninety-day period for filing a petition for a writ of certiorari in the United States Supreme Court had lapsed. Because his conviction became final prior to AEDPA's effective date, he had until April 23, 1997, to file a habeas petition. However, Hankins filed an application for state post-conviction relief on March 21, 1997, thirty-three days prior to the AEDPA deadline, thereby tolling the limitations period. See 28 U.S.C. § 2244(d)(2). The limitations period resumed running on December 29, 1998, the date his application for state post-conviction relief was resolved. See id.[1] Because Hankins did not file the instant petition in federal court until May 27, 1999, more than thirty-three days after the limitations period resumed, his petition is untimely.

---

[1] An application for state post-conviction relief is no longer pending for purposes of § 2244(d)(2) as of the date relief is denied by the state's highest court of review, not as of the expiration of the ninety-day period for filing a petition for a writ of certiorari in the United States Supreme Court. See Rhine v. Boone, 182 F.3d 1153, 1155-56 (10th Cir. 1999).

On appeal, Hankins advances three arguments as to why the limitations period should be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (holding that "§ 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling"). The petitioner has the burden of demonstrating that equitable tolling should apply. See id. (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

First, he contends the counsel he retained to represent him in state post-conviction proceedings delayed unnecessarily in filing his application, thereby reducing the amount of time he had to pursue his federal habeas petition upon final resolution of that application in state court, and also delayed in returning necessary documents upon termination of the state proceedings. We are unpersuaded that any prejudice that may have resulted from counsel's actions is substantial enough to justify equitable tolling. Cf. Smallwood v. Gibson, 191 F.3d 1257, 1269 (10th Cir. 1999) ("Although attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default, petitioner cannot make such a showing here because there is no constitutional right to post-conviction counsel." (internal citations omitted)).

Second, Hankins argues his delayed filing was the result of inadequacies at the prison law library, namely the failure of clerks to provide assistance and the failure of the library to provide a copy of AEDPA. Hankins's own pleadings, however, demonstrate he was aware of the AEDPA limitations period prior to filing his application for state post-conviction relief.

Third, Hankins contends that, as a party to Harris v. Champion, 15 F.3d 1538 (10th Cir. 1994), he is entitled to raise at this time those claims that were presented in his Harris petition and dismissed for failure to exhaust state remedies. We find no basis for this assertion in law or fact. Hankins fails to allege, let alone offer evidence demonstrating, that the issues raised in the present petition were raised in an earlier petition and dismissed for failure to exhaust. In addition, "the issues in Harris went only to appellate delay and not to the issues raised here," Romo v. Oklahoma Dep't of Corrections, No. 99-6045, 2000 WL 781354, at *2 (10th Cir. June 19, 2000), and thus the pendency of the Harris litigation does not toll the limitations period for the instant petition.

Hankins's application for a certificate of appealability is **DENIED**, and this matter is **DISMISSED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge