FILED
United States Court of Appeals
Tenth Circuit

October 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOBBY LYNN HARVEY,

        Petitioner - Appellant,

v.

MIKE ADDISON,

        Respondent - Appellee.

No. 08-6138

(W.D. Oklahoma)

(D.C. No. 5:07-CV-01267-M)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Bobby Lynn Harvey, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial of his application for relief under 28 U.S.C. § 2254 by the United States District Court for the Western District of Oklahoma. The court held that the application was untimely filed and that Mr. Harvey was not entitled to equitable tolling. We deny a COA and dismiss the appeal.

Mr. Harvey pleaded nolo contendere in Oklahoma state court to rape by instrumentation, forcible oral sodomy, abuse of a minor, lewd molestation, and causing or encouraging a minor to possess or consume marijuana. On December 19, 1997, he was sentenced to 90 years' imprisonment. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the convictions and sentence on

August 5, 1999.  More than three years later, on August 29, 2002, Mr. Harvey

filed an application for postconviction relief in the state trial court, alleging that

he was actually innocent and had received ineffective assistance of counsel.

Mr. Harvey's application was denied, and the OCCA affirmed on November 13,

2002.  More than four years later, on April 16, 2007, Mr. Harvey filed an

application for a writ of habeas corpus in the state trial court, again alleging that

he was actually innocent and had received ineffective assistance of counsel.  This

application was also denied, and the OCCA affirmed on October 15, 2007.  On

November 8, 2007, Mr. Harvey filed his § 2254 application.  His sole claim for

relief is that he is innocent of the charges on which he was convicted.

A COA will issue "only if the applicant has made a substantial showing of

the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard

requires "a demonstration that . . . includes showing that reasonable jurists could

debate whether (or, for that matter, agree that) the [application] should have been

resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473,

484 (2000) (internal quotation marks omitted).  If the application was denied on

procedural grounds, as it was in this case, the applicant faces a double hurdle.

Not only must the applicant make a substantial showing of the denial of a

constitutional right, but he must also show "that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling."  *Id.*

An applicant has one year from the date on which his conviction becomes final to file for habeas relief under § 2254. *See* 28 U.S.C. § 2244(d)(1). Because Mr. Harvey did not seek review in the United States Supreme Court, his convictions became final for the purposes of the one-year limitation period on November 4, 1999—90 days after his convictions were affirmed by the OCCA on August 5, 1999. *See Romo v. Oklahoma Dep't of Corr.*, 216 F.3d 1202, 1203 (10th Cir. 2000). Yet his § 2254 application was not filed until 2007, well after expiration of the one-year period. The one-year period may be tolled while the applicant pursues postconviction relief in state court, *see* 28 U.S.C. § 2244(d)(2); but that tolling cannot avail Mr. Harvey, because he waited three years before first seeking state postconviction relief and there was a gap of more than four years between that effort and his second state postconviction proceeding.

Another ground for tolling, however, may still be available. We have recognized that an applicant can benefit from equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). A claim of actual innocence may warrant equitable tolling, *see id.*, although the applicant must also show that he "diligently pursue[d] his federal habeas claims," *id.* To establish "actual innocence," an applicant must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at

trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and demonstrate that "more likely than not, no reasonable juror would have convicted him in the light of the new evidence," *id.* at 327.

Mr. Harvey seeks equitable tolling based on actual innocence. In support of his claim he offers affidavits from one of his victims and several relatives and acquaintances, which he contends demonstrate that he did not commit the offenses for which he was convicted. But the magistrate judge's thorough and well-reasoned Report and Recommendation, which was adopted by the district court, explains why the basis for equitable tolling has not been shown. No reasonable jurist could disagree with the magistrate judge's analysis. Accordingly, we DENY Mr. Harvey's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge