FILED
United States Court of Appeals
Tenth Circuit

February 25, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

FREDDIE A. DIAZ,

  Petitioner - Appellant,

v.

KEVIN MILYARD; THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

  Respondents - Appellees.

No. 08-1440

(D. Colorado)

(D.C. No. 1:08-CV-01543-ZLW)

ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Freddie A. Diaz, a Colorado state prisoner proceeding pro se and *in forma pauperis*, was denied his application for relief under 28 U.S.C. § 2254 by the United States District Court for the District of Colorado. The district court held that the application was untimely filed and that Mr. Diaz was not entitled to equitable tolling. Mr. Diaz now seeks a certificate of appealability (COA) to appeal that decision. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of § 2254 relief). We deny a COA and dismiss the appeal.

In 1988 in two separate trials in Arapahoe County District Court, Mr. Diaz was convicted of a number of offenses, including kidnapping, aggravated robbery, burglary, and sexual assault. On October 5, 1988, he was sentenced in both cases.

In case No. 88CR399 he was sentenced to 115 years' imprisonment. In case No. 88CR574 he was first adjudicated a habitual criminal and then sentenced to five consecutive sentences of 40 years' to life imprisonment. Mr. Diaz filed appeals in both cases. On May 10, 1990, the Colorado Court of Appeals (CCA) affirmed the judgment in 88CR399 and affirmed the judgment in 88CR574 except to remand to the trial court to allow Mr. Diaz to challenge the predicate convictions for his adjudication as a habitual criminal. Before the habitual-criminal issue was resolved, Mr. Diaz filed petitions for writs of certiorari in the Colorado Supreme Court to review the CCA's decisions in both cases, but his petitions were denied on December 24, 1990.

On August 27, 1991, Mr. Diaz filed a motion for postconviction relief in Arapahoe County District Court, challenging his convictions in both cases. The court consolidated his postconviction motion with the question on remand of his status as a habitual criminal. The court sua sponte struck Mr. Diaz's second-degree burglary convictions in both cases and vacated one guilty plea that had served as a basis for his habitual-criminal adjudication. The court then held the matter in abeyance while Mr. Diaz pursued a postconviction motion in Denver District Court to withdraw two guilty pleas. His motion, filed in August 1992, was denied.

The Arapahoe County District Court then denied Mr. Diaz's motion for postconviction relief in both cases on May 27, 1993, with the proviso that the

-2-

issues relating to his postconviction motion in the Denver District Court would be reconsidered if the CCA reversed the denial of that motion. On February 10, 1994, the CCA affirmed the Denver District Court's ruling. On July 27, 1995, the CCA affirmed the Arapahoe County District Court's denial of his postconviction motion, and the Colorado Supreme Court denied certiorari on December 26, 1995.

More than nine years later, on December 28, 2004, Mr. Diaz filed a second motion for postconviction relief in the Arapahoe County District Court, challenging his convictions in the two original cases as well as a third conviction for assault and reckless endangerment while in prison. This motion was also denied, and the CCA affirmed on April 19, 2007. The Colorado Supreme Court denied certiorari on January 14, 2008.

On July 23, 2008, Mr. Diaz filed his § 2254 application, raising five grounds for relief: (1) he was provided ineffective assistance of counsel, (2) he was denied the right to represent himself, (3) evidence was admitted at trial in violation of the Fourth Amendment, (4) the state trial court lacked jurisdiction over the charged offenses, and (5) DNA evidence would show his actual innocence.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the application was denied on procedural grounds, as it was in this case, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.*

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), an applicant has one year from the date on which his conviction becomes final to apply for a writ of habeas corpus. *See* 28 U.S.C. 2244(d)(1). Because Mr. Diaz did not seek review in the United States Supreme Court, his convictions became final for purposes of the one-year limitation period on March 25, 1991—90 days after the Colorado Supreme Court denied his first petition for a writ of certiorari. *See Romo v. Okla. Dept. of Corr.*, 216 F.3d 1202, 1203 (10th Cir. 2000). This one-year limitation period expired before the April 24, 1996, effective date of AEDPA; so Mr. Diaz had one year from that date to file his application. *See id.* But his application was filed more than 12 years after the effective date of AEDPA and is thus time barred unless tolling is available to him.

The one-year limitation period may be tolled while an applicant pursues postconviction relief in state court. *See* 28 U.S.C. § 2244(d)(2). But that tolling

-4-

provision cannot avail Mr. Diaz because he had no pending state postconviction proceeding on April 24, 1996, and another eight years passed before he again sought postconviction relief in state court.

We have recognized that an applicant can benefit from equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). Equitable tolling may be warranted by actual innocence or when delay was caused by circumstances outside the applicant's control, *see id.*, but only if the applicant "diligently pursue[d] his federal habeas claims," *id.* The applicant bears the burden of demonstrating that equitable tolling is appropriate. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Mr. Diaz seeks equitable tolling because (1) he was denied access to court records and transcripts in 2001, 2002, and 2004, and (2) he suffers from "Mental Deficiencies, brain Damage, or Learning disabilities." R. Doc. 10 at 3. In support of these claims he offers evidence of motions and appeals that he filed in state court requesting the loan of documents and evidence of a psychological evaluation from 1988 that placed him in the "Low Normal range of intellectual ability." *Id.* at 26.

The district court concluded that Mr. Diaz did not meet his burden of showing that equitable tolling was appropriate. The court noted that Mr. Diaz had failed to show due diligence because he had not filed a request for court records

and transcripts until 2000, four years after the one-year limitation period began to run in his case. Moreover, the court pointed out that he fell in the "Low Normal range" of intellectual abilities and that he had been able to file two state postconviction motions and several other motions requesting records and transcripts despite his alleged mental disabilities. *See Laurson v. Lebya*, 507 F.3d 1230, 1232 (10th Cir. 2007) (habeas applicant not entitled to equitable tolling because of dyslexia). The district court's thorough order explains why Mr. Diaz had not shown a basis for equitable tolling.

Mr. Diaz's application suggests that he may also be raising a claim of actual innocence. But to show actual innocence, a habeas applicant must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Because Mr. Diaz's application presents no new evidence, any claim of actual innocence must fail. No reasonable jurist could disagree with the district court's denial of equitable tolling.

Accordingly, we DENY Mr. Diaz's request for a COA and DISMISS this appeal. We DENY Mr. Diaz's motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-6-