**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 24, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LATORIS DEWAYNE COLLINS,

Petitioner - Appellant,

v.

CARL BEAR, Warden,

Respondent - Appellee.

No. 19-6109
(D.C. No. 5:17-CV-00754-G)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **KELLY** and **MATHESON**, Circuit Judges.
_____

Latoris Dewayne Collins, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's order dismissing his habeas petition for

lack of jurisdiction as an unauthorized second or successive 28 U.S.C. § 2254 petition.

We deny a COA and dismiss this matter.

Mr. Collins was convicted in Oklahoma state court in 2008 on two counts of rape

and two counts of kidnapping.  After an unsuccessful direct appeal to the Oklahoma

Court of Criminal Appeals and several unsuccessful state court post-conviction

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceedings, he filed his first § 2254 petition in federal court in 2016. The district court dismissed the habeas petition as untimely and this court denied a COA.

While a fourth post-conviction application was pending in state court, Mr. Collins filed a petition in federal court purportedly under 28 U.S.C. § 2241. Because the petition sought to challenge his 2008 conviction, the district court determined that it should be construed as a habeas petition under § 2254, rather than under § 2241. As a properly construed § 2254 petition, it was Mr. Collins' second petition challenging the same conviction and thus required prior authorization from this court under 28 U.S.C. § 2244(b)(3)(A). The district court noted that there was no indication Mr. Collins had received prior authorization before filing this second § 2254 petition and determined that the court was, therefore, without jurisdiction to consider it. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). The district court considered whether to transfer the matter to this court rather than dismiss it, *see id.* at 1252, but concluded that the interests of justice would not be served by a transfer. In February 2019 the court dismissed the petition for lack of jurisdiction and denied Mr. Collins a COA.

Mr. Collins filed a notice of appeal from the district court's dismissal order and also filed a Motion to Reopen Judgment under Fed. R. Civ. P. 60(b). In the Rule 60(b) motion, Mr. Collins argued that the district court erred in construing his habeas petition as an unauthorized second or successive petition. He did not take issue with the court's construction of the petition as a § 2254 petition, but rather with the court's conclusion that the petition was second or successive. Mr. Collins argued that the dismissal of his first § 2254 as untimely was wrong and, therefore, that the current petition should not

2

count as a second one. The district court concluded that because the motion did not attack a merits determination on the underlying habeas petition, it was not itself an unauthorized second or successive § 2254 petition but was, instead, properly considered a Rule 60(b) motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (distinguishing between those post-judgment motions properly construed as Rule 60 motions and those properly construed as second or successive § 2254 petitions). The court therefore addressed the arguments Mr. Collins raised in his Rule 60(b) motion and denied relief in an order entered August 21, 2019.

Once the district court disposed of the Rule 60(b) motion, Mr. Collins' earlier notice of appeal became effective to appeal the February 2019 dismissal order. *See* Fed. R. App. P. 4(a)(4)(B)(i). But Mr. Collins did not amend the notice of appeal to include the district court's August 2019 order on his Rule 60(b) motion nor file any document that would otherwise serve as notice of his intent to appeal that order within the time allowed for such an appeal, *see* Fed. R. App. P. 4(a)(4)(B)(ii) (requiring amendment of notice of appeal to include an order disposing of a post-judgment motion); *cf., e.g., Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007) (construing COA application filed within appeal period as timely notice of intent to appeal). Accordingly, the only matter properly before us is Mr. Collins' application to appeal the February 2019 dismissal of his § 2254 petition for lack of jurisdiction.

The district court's dismissal of Mr. Collins' habeas petition for lack of jurisdiction rests on procedural grounds. To obtain a COA, Mr. Collins must show both "that jurists of reason would find it debatable whether the petition states a valid claim of

3

the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Collins argues in his COA application that the district court erred in counting his current habeas petition as a second or successive one requiring prior circuit authorization. He contends it should not count as a second petition because the dismissal of his first petition as untimely was wrong. He also argues that treating his current habeas petition as second or successive violates the Suspension Clause of the U.S. Constitution.[1]

We conclude that the propriety of dismissing Mr. Collins' motion is not debatable among reasonable jurists. The district court's dismissal of his first § 2254 petition as untimely counted as a ruling on the merits of the petition for purposes of § 2244(b). *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam). That decision has not been reversed or vacated, and it cannot be collaterally attacked in this proceeding. Accordingly, it continues to stand as a merits ruling on Mr. Collins' first habeas petition. Mr. Collins' current habeas petition challenges the same conviction and sentence as did his first petition, and it does not raise any claims cognizable under § 2254 that either were

---

[1] The "Suspension Clause" states: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

not or could not have been raised in that first petition. Such a petition is properly treated as being second or successive.[2]

Mr. Collins argues, however, that to treat the current habeas petition as second or successive when the dismissal of his first petition as untimely was erroneous would raise serious Suspension Clause concerns, relying on the Second Circuit's decision in *Muniz v. United States*, 236 F.3d 122 (2nd Cir. 2001). In *Muniz*, the court concluded that the district court's dismissal of an earlier habeas petition as untimely was erroneous given two decisions from that court that were issued almost immediately after the dismissal. *See id*. at 127. The Second Circuit further concluded that the district court erred in summarily denying the petitioner's COA application in which she called the court's attention to the two recent circuit court opinions. *Id.* at 128. Having previously recognized the distinction between the effect of dismissals for "technical procedural reasons," which do not make a subsequent petition second or successive, and dismissals on the merits, which do, *id.* at 127 (internal quotation marks omitted), the Second Circuit characterized the erroneous rulings of the district court as "technical procedural errors," *id.* at 128 (internal quotation marks omitted).

The court then explained that

> [t]o consider [the petitioner's] present petition "second or successive," . . . would require us to confront directly the Suspension Clause implications of

---

[2] While the term "second or successive" is not defined in 28 U.S.C. § 2244, courts use the "abuse of the writ" standard that was in effect before the gatekeeping provisions of § 2244 were enacted. *See Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997). "Abuse of the writ required dismissal of a petition which (1) successively repeats claims previously decided on the merits, or (2) abusively asserts new ground[s] unjustifiably omitted from a prior petition." *Id.* at 1139 (internal quotation marks omitted).

denying [the petitioner] an opportunity to have her first petition heard on the merits—even though [the petition] was properly filed within the time period to which [the petitioner] was entitled under AEDPA and our precedent, and even though [the petitioner] timely indicated her intent to appeal by filing her pro se application for [COA] within the time period required to file a notice of appeal.

*Id*. The court therefore held that

when a habeas or § 2255 petition is erroneously dismissed on AEDPA limitations period grounds, and another petition is filed that presses the dismissed claims, the subsequently-filed petition is not "second or successive" if the initial dismissal now appears to be erroneous because the law on which that dismissal was predicated is unarguably no longer good law.

*Id.* at 129.

The facts here are readily distinguishable from those in *Muniz*, and Mr. Collins does not contend that the dismissal of his earlier petition is wrong because it was predicated on law that "is unarguably no longer good law," *id.* Thus, even were we to follow the Second Circuit's reasoning in *Muniz*, the district court's dismissal of Mr. Collins' first petition as untimely would count as a dismissal on the merits, making his current petition second or successive.

A second or successive § 2254 petition must have prior circuit authorization before it is filed in district court; Mr. Collins did not secure the required authorization. Because a district court has no jurisdiction to adjudicate the merits of an unauthorized second or successive § 2254 petition, *see In re Cline*, 531 F.3d at 1251, the district court was indisputably correct to dismiss the petition for lack of jurisdiction.

We therefore deny the application for a certificate of appealability and dismiss the matter. Mr. Collins' motion for leave to proceed without prepayment of the appellate

6

filing fee is granted.  Having now adjudicated Mr. Collins' COA application, we remind

him that he remains obligated to pay the filing fee in full.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk