# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.                                    Elisabeth A. Shumaker
Clerk                                                      Chief Deputy Clerk

September 15, 1997


**TO:**   All recipients of the captioned order

**RE:**   97-740, USA v. Scott
          August 26, 1997


Please be advised of the following correction to the captioned decision:

On the top of page five, "his direct criminal was pending . . ." should read "his direct criminal case was pending . . ."  Please make the correction.

Very truly yours,

Patrick Fisher, Clerk



Susie Tidwell
Deputy Clerk

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

WALLIE A. SCOTT,

        Defendant - Appellant.

No. 97-740
CIV-97-717-T

ORDER

Filed August 26, 1997

Before **PORFILIO**, **ANDERSON** and **BRORBY**, Circuit Judges.

**PER CURIAM**.

This matter is before the court on Wallie A. Scott's motion for authorization to file a second 28 U.S.C. § 2255 motion in the district court pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA).

Mr. Scott originally filed his § 2255 motion in the district court. The district court, after concluding that the motion was a second or successive motion, transferred the matter to this court pursuant to *Coleman v. United States*, 106 F.3d

339, 341 (10th Cir. 1997). Mr. Scott was then given 30 days to file a proper motion seeking authorization to file the petition. *Id.* Mr. Scott subsequently filed a motion for permission in this court.

The grounds which Mr. Scott wishes to present in this § 2255 include ineffective assistance of both trial and appellate counsel.

Mr. Scott was convicted in 1989, following a jury trial, of conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base. He was sentenced in December 1989 to 240 months incarceration. Mr. Scott's retained counsel did not file a notice of appeal.

In November 1991 Mr. Scott filed a § 2255 motion. Proceeding pro se, he alleged that his counsel failed to file an appeal. The district court judge entered an order granting the § 2255 motion, scheduling a resentencing hearing, and appointing counsel. At resentencing, the court imposed the same sentence originally imposed. Mr. Scott, represented by appointed counsel, appealed the conviction and sentence. This court affirmed.

The "gatekeeping" function of the courts of appeals set forth in AEDPA was upheld in *Felker v. Turpin*, 116 S.Ct. 2333 (1996). The Court concluded that this function is within the mainstream of the evolving jurisprudence to curb abuse of the writ.

> The new restrictions on successive petitions constitute a
> modified res judicata rule, a restraint on what is called in

2

> habeas corpus practice "abuse of the writ." In *McCleskey v. Zant* [499 U.S. 467, 491-92 (1991)], we said that "the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." The added restrictions which the [AEDPA] places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a 'suspension' of the writ contrary to Article I, § 9 [of the Constitution].

*Id*. at 2340 (citations omitted).

While AEDPA instituted this gatekeeping procedure for second or successive habeas petitions, it does not define what is meant by "second or successive." In *Reeves v. Little*, ___ F.3d ___, No. 97-741 (10th Cir. Aug. 13, 1997), 1997 WL 459783, this court determined that, where the petitioner's first § 2254 petition was filed as part of the *Harris v. Champion* litigation[1], a subsequent petition was not successive under AEDPA. *Reeves* used the abuse of the writ standard in effect before AEDPA was enacted to determine whether the subsequent § 2254 petition should be considered successive under AEDPA.

---

[1]In this series of cases, including *Harris v. Champion*, 15 F.3d 1538 (10th Cir. 1994)*, Harris v. Champion*, 938 F.2d 1062 (10th Cir. 1991) and *Hill v. Reynolds*, 942 F.2d 1494 (10th Cir. 1991), this court examined the Oklahoma criminal appellate process insofar as it contributed to delay in deciding direct criminal appeals of indigent defendants.

> The unique situation presented in the *Harris* cases prevented Mr. Reeves from presenting claims other than the issue of whether the delay in his appellate review violated his due process rights. . . .
>
> . . .[I]f the instant petition is considered a second or successive one under AEDPA any other claims which existed at the time the first petition was filed would be foreclosed from federal review. This "would conflict with the doctrine of writ abuse as understood both before and after *Felker*." To construe these subsequent petitions as second or successive, "far from falling 'well within the compass' of the evolving doctrine of abuse of the writ, as stated in *Felker*, would unjustifiably deviate from that evolution."

*Reeves v. Little*, *id*. at \*3 (quoting *Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996)).

*See also McWilliams v. State of Colorado*, ___ F.3d ___, No. 96-1328 (10th Cir. Aug. 11, 1997), 1997 WL 452575, \* 2-3 (holding that "a [§ 2254] petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies does not qualify as a 'second or successive' application" within the meaning of AEDPA.).

Here, when the district court resentenced Mr. Scott following the filing of his first § 2255 motion, the resentencing enabled Mr. Scott to perfect his direct appeal. *See United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991). The purpose of the resentencing was to place the defendant "back into the position he would have been had counsel perfected a timely notice of appeal." *United States v. Saucedo*, 950 F.2d 1508, 1511 (10th Cir. 1991). In fact, on appeal from the resentencing, this court

4

treated the matter as a direct criminal appeal. *See United States v. Scott*, No. 92-6272 (10th Cir. 1993), 1993 WL 411596.

In addition, a § 2255 motion should not be considered before the disposition of the direct criminal appeal. In *United States v. Cook*, 997 F.2d 1312 (10th Cir. 1993), the defendant filed a motion in the district court styled "writ of habeas corpus and/or motion for new trial and/or motion to dismiss" while his direct criminal was pending in the court of appeals. The district court construed this motion as the defendant's first § 2255 motion and concluded that a claim for ineffective assistance of counsel raised in a subsequent § 2255 motion constituted abuse of the writ. This court held that the district court erred in characterizing the subsequently filed motion as a second § 2255 motion.

> Although Defendant filed a motion styled "writ of habeas corpus and/or motion for new trial and/or motion to dismiss," which apparently was construed by the district court to be his first § 2255 motion, he filed the motion on April 3, 1990, approximately a year and a half before we decided Defendant's direct appeal. Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending.
> We therefore conclude that when the district court considered Defendant's [first] motion, it did so only as a motion for a new trial and motion to dismiss, and not as a habeas petition or § 2255 motion.

*Id*. at 1318-19 (citations omitted).

5

Furthermore, Mr. Scott's ineffective assistance of appellate counsel claim did not even exist until the direct appeal process concluded. *See Martinez-Villareal v. Stewart*, 118 F.3d 628 (9th Cir. 1997)(competency-to-be-executed claim may be raised in a subsequent habeas petition because such claim is not ripe until the first petition has been denied). It is also questionable whether Mr. Scott could have raised his ineffective assistance of trial counsel claim in the prior proceeding. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)(en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissable, and virtually all will be dismissed."). Thus these issues would be precluded from review if the instant motion is construed as a second motion under AEDPA.

Thus, as in *Reeves*, because of the unique situation presented when the granting of the prior motion merely reinstated the right to a direct appeal, the first subsequent motion is not a second or successive motion under AEDPA.

Accordingly, the district court order is **VACATED** and the matter is **REMANDED** to the district court for such other and further proceedings as may be just and proper.