F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENNETH CODY JACKSON,

    Defendant - Appellant.

No. 97-5178

(D.C. No. 96-CV-1176)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Defendant-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant was convicted of car jacking and related firearms charges. He was sentenced to twenty years imprisonment and his convictions were affirmed by this court on direct appeal. Defendant appeals the district court's denial of his 28

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2255 petition for a writ of habeas corpus. We first address whether, under the Antiterrorism and Effective Death Penalty Act [AEDPA], the district court had jurisdiction to rule on the merits of Defendant's section 2255 petition without prior authorization from this court. The issue arises because Defendant has filed two previous section 2255 motions.

The first of these motions was filed after Defendant's conviction but before sentencing while he was incarcerated by the State of Oklahoma. Defendant filed a motion for a new trial or, in the alternative, a motion pursuant to section 2255 in which he asserted that he was denied effective assistance of counsel. The district court properly denied habeas relief because Defendant was not "in custody" under a federal sentence and, accordingly, section 2255 was not an available remedy. See 28 U.S. § 2255; United States v. Bustillos, 31 F.3d 931, 933-34 (10th Cir. 1994). Defendant filed a second section 2255 petition after sentencing and judgment but while a timely direct appeal was pending. The district court denied that section 2255 motion because the appeal was pending. We agree that this second motion should not be counted as a prior petition for purposes of the gatekeeping provisions of the AEDPA because it was filed before the disposition of Defendant's direct appeal. See United States v. Scott, 124 F.3d 1328, 1329-30 (10th Cir. 1997); United States v. Cook, 997 F.2d 1312, 1318-19 (10th Cir. 1993). Because the two prior motions did not determine the legality of

Defendant's detention, the section 2255 petition which is the subject of this appeal, filed after this court affirmed Defendant's conviction, constitutes his first section 2255 motion. The district court, therefore, had jurisdiction to rule on the merits of this section 2255 petition.

Turning to the merits of the appeal, Defendant contends that he was denied effective assistance of counsel both at trial and on appeal. Defendant alleges that his counsel failed to adequately investigate and present an alibi defense, was incompetent, did not consult with him, and was totally unprepared for trial. Defendant moves this court for a certificate of appealability. We issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

After reviewing the record, we conclude that Defendant's allegations of ineffective assistance of counsel fail to meet the high standard of section 2253(c)(2), and, therefore, we deny him a certificate of appealability. We affirm the denial of relief under section 2255 for substantially the same reasons as stated by the district court in its Orders filed September 23, 1997, and August 28, 1997.

DENIED and AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge
