**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RANDY LEE HURD,

      Defendant-Appellant.

No. 98-7129
(E. District of Oklahoma)
(D.C. No. CR-97-9-S)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Randy Lee Hurd, appearing *pro se*, seeks to appeal the district court's denial of Hurd's post-judgment "Motion to Dismiss" (the "Motion"). Because the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court was without jurisdiction to consider the merits of the Motion, this court **vacates** the district court's order denying the Motion and **remands** the case to the district court for entry of an order dismissing the Motion for lack of jurisdiction.

Hurd was indicted on February 18, 1997, on several charges relating to a conspiracy to distribute methamphetamine. Hurd eventually pleaded guilty to a single count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court entered a Judgment and Commitment on April 23, 1998, sentencing Hurd to a term of imprisonment of 168 months, followed by a sixty-month term of supervised release. Hurd's counsel filed a notice of appeal and the case proceeded to briefing on the merits in this court. While Hurd's direct appeal was still pending in this court, Hurd, acting *pro se*, filed the Motion. In the Motion, Hurd asked the district court to "Dismiss the indictment and Reverse [his] conviction" on the grounds that the "indictment fails to set forth any Constitutionally correct and authorized Federal statute which makes the accused subject to any Federal rules and regulations whatsoever." According to Hurd, the Motion was brought pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure. On August 10, 1998, while Hurd's direct appeal remained pending in this court, the district court denied the

Motion in a minute order. Hurd then filed a notice of appeal challenging the district court's denial of the Motion.[1]

Subject to specific exceptions not applicable here, the filing of a notice of appeal divests the district court of further jurisdiction. *See United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996) (stating general rule but noting exception for question of whether convicted defendant is to be released pending appeal); *Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (stating general rule in civil context but noting exception for matters "wholly collateral to the merits" such as attorney's fees); Fed. R. App. P. 4(b)

---

[1]There is a serious question as to whether Hurd filed a timely notice of appeal from the district court's denial of the Motion. Federal Rule of Appellate Procedure 4(b)(1)(A) provides that in a criminal case a notice of appeal must be filed within ten days of "the entry of either the judgment or the order being appealed from." The district court denied the Motion on August 10, 1998. Although Hurd's notice of appeal is dated August 20th, it was not received in the clerk's office until September 8th. In a supplemental jurisdictional brief, the United States asserts that Hurd's notice of appeal was not timely filed. Hurd, on the other hand, asserts that he placed the notice of appeal in the prison legal mailbox on August 20th and that his appeal was therefore timely filed. *See Houston v. Lack*, 487 U.S. 266 (1988); Fed. R. App. P. 4(c). In light of this court's resolution of this case on other jurisdictional grounds, we need not remand to the district court for specific findings on the timeliness of Hurd's notice of appeal. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 66-67 (1997) ("We may [determine] whether there remains a live case or controversy . . . without first determining whether [appellants] have standing to appeal because the former question, like the latter, goes to [jurisdiction], not the merits . . . ."); *Cross-Sound Ferry Servs, Inc. v. ICC*, 934 F.2d 327, 341 (D.C. Cir. 1991), *abrogated in part on other grounds by Steel Co. v. Citizens for a Better Envir.*, 118 S. Ct. 1003, 1012 (1998) ( rejecting doctrine of "hypothetical jurisdiction").

(creating limited exception to general rule for motions to correct a sentence pursuant to Fed. R. Crim. P. 35(c)).[2] Accordingly, when Hurd filed his initial notice of appeal the district court was divested of jurisdiction to consider the merits of the Motion.

This court notes a further jurisdictional defect. Although Hurd denominated the Motion as brought pursuant to Federal Rule of Criminal Procedure 12(b)(2), there is simply no authority in the Federal Rules for bringing such a motion after judgment and sentence has been entered. In fact, Rule 12 specifically contemplates motions that must be brought either before or during the pendency of a criminal trial. The Motion, on the other hand, appears to allege both that the indictment failed to charge a valid offense and that the district court was without jurisdiction over the offense charged. The only apparent sources of authority for bringing such a motion post-judgment are

---

[2]*See generally United States v. Brooks*, 145 F.3d 446, 455-56 (1st Cir. 1998) (discussing general contours of the mandate rule and concluding as follows: "Like most rules, the rule that either the trial or the appellate court–but not both–may have jurisdiction over a case at any given point in time admits of some exceptions. Thus, a district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case.").

Federal Rule of Appellate Procedure 34 (Arrest of Judgment) and 28 U.S.C. § 2255. Unfortunately for Hurd, construed in either manner, the district court was without jurisdiction to reach the merits of the Motion. Rule 34 specifically provides that a motion to arrest judgment must be brought within seven days after a guilty plea. The seven-day time limit set out in Rule 34 is mandatory and jurisdictional. *See Rowlette v. United States*, 392 F.2d 437, 438-39 (10ᵗʰ Cir. 1968). Because the Motion was filed well outside the seven-day period, the district court lacked jurisdiction to reach its merits. The same result applies if, in the alternative, the Motion is considered a request to vacate the sentence pursuant to 28 U.S.C. § 2255. This court has specifically held that "'[a]bsent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending.'" *United States v. Scott*, 124 F.3d 1328, 1330 (10ᵗʰ Cir. 1997) (quoting *United States v. Cook*, 997 F.2d 1312, 1318-19 (10ᵗʰ Cir. 1993)).

Because, no matter how construed, the district court lacked jurisdiction to consider the merits of the Motion, this court **VACATES** the district court order

denying the Motion and **REMANDS** to the district court to enter an order

dismissing the Motion for lack of jurisdiction.[3]

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[3]Hurd's "Motion to Establish Time to File and Notice of Intent to File Reply Brief Rule 28(c)" is construed as an untimely motion for extension of time to file a reply brief and is hereby **DENIED**.