**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

GWAUN DIRON FRIERSON,

     Defendant-Appellant.

No. 08-6254
(D.C. No. 5:06-CR-00214-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Pursuant to a plea agreement, Gwaun Diron Frierson pleaded guilty to possession of more than fifty grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 220 months of imprisonment. His counsel filed a notice of appeal, but this court dismissed the appeal because the notice was untimely. *United States v. Frierson*,

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

No. 07-6193 (10th Cir. Sept. 12, 2007) (unpublished order) ("*Frierson I*"). In considering a 28 U.S.C. § 2255 motion to vacate, correct, or set aside the sentence, however, the district court found that Mr. Frierson was entitled to pursue a delayed direct appeal–this appeal–because his counsel had failed to file a notice of appeal despite his timely request that she do so.

Mr. Frierson's plea agreement contains a waiver of his rights to appeal and to collaterally attack his conviction and sentence. Following this court's enforcement of the collateral-attack waiver in another appeal by Mr. Frierson, *see United States v. Frierson*, No. 08-6107, 2009 WL 190082 (10th Cir. Jan. 28, 2009) ("*Frierson II*") (unpublished order and judgment) (concerning the denial of a motion under 18 U.S.C. § 3582(c)(2)), the government has moved to enforce the appellate waiver in this appeal, *see United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

*Within Scope of Waiver*

The first question is whether this appeal falls within the scope of the

waiver. *Id.* Mr. Frierson's plea agreement states:

> . . . defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
>
> a. *Appeal* or collaterally challenge *his guilty plea and any other aspect of his conviction*, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>
> b. *Appeal*, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, *his sentence as imposed by the Court and the manner in which the sentence is determined,* provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. . . .

Dist. Ct. Doc. 25 at 3-4, ¶ 8 (emphasis added). Mr. Frierson has filed an appeal

in which he intends to challenge his conviction and sentence. Accordingly, this

matter is within the scope of the waiver.

*Knowing and Voluntary Waiver*

The second question is whether the waiver was knowing and voluntary.

*Hahn*, 359 F.3d at 1325. In evaluating this question, we consider "whether the

language of the plea agreement states that the defendant entered the agreement

knowingly and voluntarily" and whether there is "an adequate Federal Rule of

Criminal Procedure 11 colloquy." *Id.* Mr. Frierson bears the "'burden to

present evidence from the record establishing that he did not understand the

waiver.'" *Id.* at 1329 (quoting *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003)).

In *Frierson II*, this court concluded that the language of the plea agreement and the district court's colloquy established that the waiver was knowing and voluntary. 2009 WL 190082, at *2. In this appeal, Mr. Frierson raises an issue that was not presented in *Frierson II*, arguing that the waiver was not knowing and voluntary because he was not mentally competent to understand the plea agreement and his plea. He points to his counsel's request for a competency hearing prior to sentencing, which request was based on a mental evaluation that his counsel had obtained after the change-of-plea hearing.

In response to the request for a competency hearing, the district court directed that Mr. Frierson be evaluated by a licensed or certified psychiatrist or psychologist through the Bureau of Prisons (BOP). Mr. Frierson was so evaluated. After the examination process, the court held a competency hearing at which the BOP forensic psychologist who supervised the competency testing opined that Mr. Frierson's test results showed malingering and that he was competent to proceed. Mr. Frierson cross-examined the witness, but did not affirmatively offer evidence to contract her testimony. Ultimately, the district court found him competent and sentenced him.

In this appeal, Mr. Frierson does not identify any evidence in the record that undermines the psychologist's opinions or the district court's conclusion

regarding his competency. Accordingly, he has not shouldered his burden to show that his plea, including the waiver, was not knowing and voluntary.

*Miscarriage of Justice*

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. The miscarriage-of-justice prong requires Mr. Frierson to show (a) his conviction or sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) the waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1327 (quotation omitted).

A.

In conjunction with his competency argument, Mr. Frierson argues that his counsel was ineffective in handling the question of his mental competency. He argues that she should have raised the question of competency before, rather than after, the change-of-plea hearing and that she should have done more at the competency hearing, such as call the evaluator whose opinion had supported her request for a court-ordered competency examination. Our general practice, however, is to consider ineffective-assistance claims in collateral proceedings,

not on direct appeal.[1]  "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *see also Hahn*, 359 F.3d at 1327 n.13.  Mr. Frierson does not proffer any reasons to depart from our general practice.  Accordingly, we decline to reach the merits of these arguments at this time.  *See Porter*, 405 F.3d at 1144.

B.

In another argument not raised in *Frierson II*, Mr. Frierson contends that the United States has breached the plea agreement.  An appellate waiver in a plea agreement may be unenforceable if the government has breached the plea agreement.  *United States v. Guzman*, 318 F.3d 1191, 1195 (10th Cir. 2003).

The plea agreement provides:

> The parties agree defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG §3E1.1(a), if he commits no further crimes and fully complies with all other terms of this agreement.  Further, to the extent the Court finds that defendant qualifies for that 2-level downward adjustment and USSG §3E1.1(b) is applicable, the government agrees to move for the additional 1-level downward adjustment of §3E1.1(b), if the defendant accepts the terms of this plea agreement by the deadline established in Paragraph 1.

---

[1]  Mr. Frierson's initial § 2255 motion does not create an obstacle to bringing his ineffective assistance claims in further collateral proceedings.  *See United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997) (per curiam) ("[B]ecause of the unique situation presented when the granting of the prior motion merely reinstated the right to a direct appeal, the first subsequent motion is not a second or successive motion under [§ 2255(h)].").

Dist. Ct. Doc. 25 at 2, ¶ 7.  Mr. Frierson argues that the prosecution did not move

for the third acceptance point under Sentencing Guideline § 3E1.1(b) even though

the district court determined he was entitled to the two-point adjustment provided

by Sentencing Guideline § 3E1.1(a), and he contends that the government's

refusal constitutes a breach of the plea agreement.  We disagree.

At sentencing, the United States took the position that Mr. Frierson's

malingering not only negated his acceptance of responsibility, but also justified

adding points for obstruction of justice under Sentencing Guideline § 3C1.1.

In arguing that this position did not breach the plea agreement, the prosecutor

cited a plea-agreement provision in which

> the United States expressly reserves the right to take positions that
> deviate from the foregoing stipulations, agreements, or
> recommendations in the event that material credible evidence
> requiring such a deviation is discovered during the course of the
> United States' investigation subsequent to the signing of this
> agreement or arises from sources independent of the United States,
> including the U.S. Probation Office.

Dist. Ct. Doc. 25 at 3, ¶ 7.  The United States considered the malingering

diagnosis to be material evidence discovered after the signing of the agreement.

The prosecutor also informed the district court that he did "not want to proceed

with the objection if the Court feels that it is not contemplated by the plea

agreement."  Sent. Tr. at 10-11.  The district court held that the government's

assertion of the argument was not a violation of the plea agreement.  Ultimately,

the court declined to apply an obstruction-of-justice enhancement and awarded

the first two points for acceptance of responsibility, but held that the plea agreement did not require the government to move for the third point. Given the court's ruling, the United States did not move for the third point.

The district court did not err in concluding that the United States' reservation of rights allowed it to decline to move for the third acceptance-of-responsibility point. As the court concluded, the diagnosis of malingering arising from the post-plea competency examination was new, material, credible evidence that justified the United States' deviation from the plea-agreement promise to move for the third point.

## *Conclusion*

The government's motion to enforce the appellate waiver is GRANTED and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM