**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES D. RUSSIAN,

    Petitioner - Appellant,

v.

DON HUDSON,* Warden, USP-
Leavenworth,

    Respondent - Appellee.

No. 19-3194
(D.C. No. 5:19-CV-03007-EFM)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

James D. Russian, a federal prisoner proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2241 petition for lack of statutory jurisdiction.

Because Russian's § 2241 petition is a misclassified § 2255 petition, we affirm.

**BACKGROUND**

Ever since a jury convicted him on multiple drug and firearm charges, Russian

has repeatedly tried to overturn his convictions. So far, he has filed three direct

_____

    * We have substituted the current warden of Leavenworth, Don Hudson, for the
former warden of Leavenworth, Nicole English, pursuant to Fed. R. App. P. 43(c)(2).

    ** This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeals with our circuit and three postconviction motions for relief with the district court.

Although Russian has not managed to overturn his convictions, he has had some lesser victories. In his first appeal, Russian argued that the district court erred by denying his motion to suppress, by improperly calculating his sentencing-guideline range, and by imposing a sentence above the statutory maximum. *United States v. Russian* (*Russian I*), 848 F.3d 1239, 1243–44 (10th Cir. 2017). A panel of this court affirmed the district court's denial of his motion to suppress but reversed and remanded on its sentencing determination. *Id.* at 1247–50.

On remand, the district court reduced Russian's sentence from 137 months' imprisonment to 101 months' imprisonment, with two years of supervised release to follow. One condition of Russian's supervised release required him to "successfully participate in and successfully complete an approved program for substance abuse . . . as directed by the Probation Office." *United States v. Russian* (*Russian II*), 737 F. App'x 360, 363 (10th Cir. 2018) (unpublished), *cert. denied*, 139 S. Ct. 616 (2018).

Russian appealed a second time, arguing (among other things) that the district court had unlawfully delegated to the probation office the ability to impose punishment. *Id.* at 368. We agreed, vacated the substance-abuse condition, and remanded "for the sole purpose of considering whether to reimpose this condition in compliance with Article III of the Constitution." *Id.* On remand a second time, the district court removed the challenged supervised-release condition altogether.

Russian appealed a third time in *United States v. Russian* (*Russian III*), No. 18-3173 (10th Cir. appeal docketed August 13, 2018).[1] Although the district court had eliminated the substance-abuse-program condition, Russian argued that the court had also erred by not granting the additional relief he sought at the resentencing hearing: that the "case be dismissed and that [Russian] be set to liberty." Br. of Appellee at 21, *Russian III*, No. 18-3173 (10th Cir. appeal docketed August 13, 2018). That matter remains pending before a different panel of this court.

Addressing Russian's collateral efforts, we note that in October 2015 he filed a § 2255 petition. The district court denied the petition without prejudice, reasoning that it should not consider the petition while Russian's direct appeals were pending. Two years later, Russian filed a § 2241 petition. The district court denied that petition without prejudice, holding that it was a mislabeled § 2255 petition. In January 2019, Russian filed a second § 2241 petition based on double-jeopardy grounds, and the district court dismissed it without prejudice because, again, Russian had mislabeled his petition. Russian's second § 2241 petition is the subject of the current appeal. We exercise appellate jurisdiction under 28 U.S.C. § 1291.

---

[1] When we reference facts contained in litigation documents from Russian's other appeals that are not in the record before us, we will take judicial notice of those facts. Fed. R. Evid. 201(a)–(d); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (citations omitted)).

## DISCUSSION

We review de novo the district court's dismissal of Russian's § 2241 petition. *See Abernathy v. Wandes*, 713 F.3d 538, 544 (10th Cir. 2013) (citing *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)). Because Russian is proceeding pro se, we review his pleading liberally. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Even construing his § 2241 petition liberally, we do not read it to seek relief that is obtainable by such a petition.[2]

A § 2241 petition "attacks the execution of a sentence rather than its validity . . . ." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citing *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986)). A § 2255 petition, on the other hand, challenges "the legality of detention . . . ." *Id.* (citing *Barkan v. United States*, 341 F.2d 95, 96 (10th Cir. 1965)). Thus, § 2255 is "[t]he exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective[.]" *Id.* (internal quotation marks omitted) (quoting *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965)). Section 2255 is inadequate or ineffective if its savings clause, § 2255(e), applies. *Abernathy*, 713 F.3d at 541. To test whether the savings clause applies, we ask if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes,

---

[2] Russian does not need a certificate of appealability to appeal a final order denying § 2241 relief. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

4

then the petitioner may not resort to the savings clause and § 2241." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).

Here, Russian claims that he is "currently being held on multiplicitous sentences." R. at 3. That is so because, according to Russian, he was convicted and sentenced in violation of the Double Jeopardy Clause. To cure that alleged constitutional violation, Russian asks "the Court to comply with the Double Jeopardy Clause and the Caselaw of the courts cited . . . and to vacate the underlying convictions, as well as the multiplicitous sentences based upon them, thereby restoring [Russian's] natural liberties." R. at 9.

Because Russian seeks to overturn his "underlying convictions" and "multiplicitous sentences" on double-jeopardy grounds, he challenges the validity of his imprisonment, not its execution. *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (listing a double-jeopardy objection as a challenge to a conviction's validity); *see also Benton v. Maryland*, 395 U.S. 784, 796 (1969) ("The validity of petitioner's larceny conviction must be judged . . . under this Court's interpretations of the Fifth Amendment double jeopardy provision."). So, unless Russian can satisfy the savings clause by showing he could not have challenged the validity of his imprisonment in an initial § 2255 petition, his § 2241 petition is invalid. Yet in *Furman* we held not only that double-jeopardy objections are permissible in § 2255

5

petitions challenging postconviction confinement,[3] but also that they are "appropriately left to pursuit under § 2255." 112 F.3d at 438 (citations omitted).

Hence Russian's double-jeopardy challenge is appropriately left to pursuit under § 2255. In light of ripeness issues caused by collateral challenges during the pendency of a direct appeal, § 2255 may not be able to presently deliver the relief that Russian seeks. *See United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997). But those ripeness problems are immaterial to whether § 2255 is inadequate or ineffective. *Williams v. United States*, 323 F.2d 672, 673–74 (10th Cir. 1963) ("Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." (internal quotation marks and citations omitted)). Because Russian's double-jeopardy objection should be considered under § 2255, the district court correctly concluded that it lacked statutory jurisdiction to consider Russian's § 2241 petition. *Abernathy*, 713 F.3d at 557 ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims.").

---

[3] Section 2241 can be the proper mechanism for a double-jeopardy objection to pretrial detention. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("We . . . hold that § 2241 is the proper avenue by which to challenge pretrial detention, including when such challenges are based on double jeopardy grounds."). But Russian brings his petition as a convicted prisoner to "vacate the underlying convictions . . . ." R. at 9. Thus, Russian is not a pretrial detainee; he is "[a] prisoner in custody" moving "the court . . . to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The district court also declined to recharacterize Russian's § 2241 petition as a § 2255 petition. Russian's direct appeal is still pending, and we have held that "[a]bsent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *Scott*, 124 F.3d at 1330 (internal quotation marks omitted) (quoting *United States v. Cook*, 997 F.2d 1312, 1318–19 (10th Cir. 1993)). Although we affirmed Russian's convictions in *Russian I*, and the scope of remand was limited to the issue of the substance-abuse condition in *Russian II*, Russian now seeks reversal of his convictions in *Russian III*. If Russian is successful, he could be set free, dispensing of any need for the district court to consider such a recharacterized petition. Thus, we agree that the district court had no responsibility to transform Russian's § 2241 petition into a presently unreviewable, and perhaps eventually moot, § 2255 petition.

## CONCLUSION

We affirm the district court's dismissal of Russian's § 2241 petition.

Entered for the Court

Gregory A. Phillips
Circuit Judge

7