FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**May 14, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

PAUL KENNETH CROMAR,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA;
KELLY V. SPARKS; ANDREW OBLAD;
ARNOLD BUTCHER,

    Respondents - Appellees.

No. 25-4007
(D.C. No. 2:24-CV-00857-HCN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Paul Kenneth Cromar, a federal prisoner proceeding pro se, appeals the district court's dismissal of his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Construing Mr. Cromar's pleadings with the appropriate liberality, *see United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and exercising

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of Mr. Cromar's petition.

## I.    BACKGROUND

### A.    *Legal Background*

The distinct purposes of a habeas petition under 28 U.S.C. § 2241 and a motion under 28 U.S.C. § 2255 are well established. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Typically, a § 2255 motion is "[t]he exclusive remedy for testing the validity of a judgment and sentence," and "must be filed in the district that imposed the sentence." *Id*. (quotation marks omitted). A petition under § 2241, on the other hand, "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011) (quotation marks omitted). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw*, 86 F.3d at 166.

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (quotation marks omitted). Courts of appeals have found a remedy under § 2255 to be inadequate or ineffective in extremely limited circumstances, such as the "abolition of the original sentencing court; the sentencing court's refusal to consider, or inordinate delay in considering the § 2255 motion; and the inability of a single sentencing court to grant complete relief when sentences have been imposed by multiple courts." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Finally, the "[f]ailure to obtain relief under

[§] 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Bradshaw*, 86 F.3d at 166 (quotation marks omitted).

### B.    Factual and Procedural Background

"Mr. Cromar was tried by jury and convicted" in the United States District Court for the District of Utah "of willfully attempting to evade or defeat the assessment or payment of a tax in violation of 26 U.S.C. § 7201[,] and of forcibly rescuing or attempting to rescue seized property in violation of 26 U.S.C. § 7212(b)." ROA at 17.

On December 12, 2024, Mr. Cromar filed the instant § 2241 petition in the United States District Court for the District of Utah—the district where he was confined at the time. Subsequent to filing the petition, Mr. Cromar was transferred from the Davis County Jail in Farmington, Utah, to his present location of incarceration at the Nevada Southern Detention Center in Pahrump, Nevada.[1]

In his § 2241 petition, Mr. Cromar challenges the district court's subject matter jurisdiction and claims the federal income tax and the statutes under which he was convicted are unconstitutional. Specifically, he argues that federal district courts have no subject matter jurisdiction to conduct criminal trials that enforce the payment

---

[1] Because the United States District Court for the District of Utah had jurisdiction over Mr. Cromar's habeas petition at the time it was filed, that jurisdiction is not divested by Mr. Cromar's subsequent transfer to a different district. *See Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.").

of "non-apportioned direct tax" on income, because "there is no taxation at all that is constitutionally authorized under the [Sixteenth] Amendment" ROA at 12. Mr. Cromar leveraged these constitutional arguments in "motions filed before, during, and after trial"—all of which were rejected by the district court. *Id.* at 19.

On January 8, 2025, the district court denied Mr. Cromar's petition, concluding his claims were not cognizable under § 2241. Reasoning that the "petition [] necessarily calls into question the validity of his conviction," the appropriate remedy was a motion under § 2255, "which authorizes and governs a collateral challenge brought by a federal prisoner to his detention." *Id*. at 18. But even if it were to recharacterize Mr. Cromar's petition as a § 2255 motion, the court concluded such a motion would still fail: it would be both premature and unsuccessful on the merits.

Mr. Cromar timely appealed the district court's decision. The district court granted Mr. Cromar leave to proceed in forma pauperis on appeal.

## II.    DISCUSSION

"When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017) (quotation marks omitted).

A habeas petition under § 2241 is not the appropriate vehicle for Mr. Cromar to challenge the legality of his sentence. When a defendant seeks to overturn his sentence on constitutional grounds—as Mr. Cromar does here—his objection is

4

"appropriately left to pursuit under § 2255." *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997); *Russian v. Hudson*, 796 F. App'x 500, 503 (10th Cir. 2019) (explaining that a prisoner seeking to overturn his conviction on double-jeopardy grounds was challenging "the validity of his imprisonment, not its execution"). Further, Mr. Cromar has made no effort to show § 2255 is legally inadequate or ineffective to test his conviction, so we conclude § 2241 relief is unavailable. Thus, Mr. Cromar cannot bring his claims under a habeas petition.

We also agree with the district court that Mr. Cromar's § 2241 petition refashioned as a § 2255 motion fails as premature. We have held that "[a]bsent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997) (quotation marks omitted). Mr. Cromar's direct criminal appeal is still pending. *See United States v. Cromar*, No. 25-4002 (10th Cir. Apr. 28, 2025), ECF No. 29. It would thus be improper to consider a § 2255 motion before the disposition of this appeal.

### III.   CONCLUSION

We AFFIRM the district court's dismissal of Mr. Cromar's § 2241 petition.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

5